Scott Tschirgi (ISB No. 4247)
Scott A. Tschirgi, Chartered
877 West Main Street, Suite 610
Boise, Idaho 83702
Telephone: (208) 287-8200
Facsimile: (208) 287-8202
sat@satchartered.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRIPLE T ENTERPRISES, INC., an Idaho corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>KFC, CORP., a Kentucky corporation, GRUBHUB INC. a Delaware corporation, and POSTMATES INC., a Delaware corporation,<br><br>      Defendants. | **Case No.  1:19-cv-511**<br><br>**COMPLAINT Jury**<br><br>**Trial Demanded** |

## COMPLAINT

Plaintiff Triple T Enterprises, Inc. ("Triple T") brings this action against the Defendants KFC Corporation ("KFC"), Grubhub Inc. ("Grubhub") and Postmates Inc. ("Postmates") for monetary damages under the laws of the United States and the State of Idaho, and alleges as follows:

## Nature of the Action

1.    This is an action for federal trademark infringement, false designation of origin under the Lanham Act and unfair competition in violation of the Lanham Act, §§ 1114(1), 1124, 1125(a), 1125(b), and 1125(c); and for violation of the Idaho law of unfair competition.

2.    This action arises from Defendants' unauthorized and infringing use of Triple T's family of SMOKY MOUNTAIN word trademarks and SMOKY MOUNTAIN logo trademarks (the "Triple T Smoky Mountain Trademarks") to promote, sell food, and deliver customers' food products bearing Triple T's Smoky Mountain Trademarks in interstate commerce in the United States.

## Jurisdiction and Venue

3.    This action arises under U.S. trademark laws and is a case for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), for trademark infringement.

4.    This Court has subject matter jurisdiction over the Defendants pursuant 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)(b) because it involves an action for violations of the Lanham Act and the Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) under the laws of the State of Idaho.

5.     The Defendants are subject to personal jurisdiction in the State of Idaho pursuant to Idaho Code § 5-514 because they transact business in the State of Idaho and in this judicial district, are engaged tortious acts involving the systematic and continuous sale of infringing products in Idaho and in this judicial district that give rise to this case.  Also the Defendants have committed acts of unfair competition and trademark infringement in the State of Idaho and in this judicial district.

6.     Venue is also proper in this district pursuit to 28 U.S.C. § 1391(b) and (c), as interpreted by the United States Supreme Court as a substantial part of the events giving rise to these claims occurred in this district.

## **The Parties**

7.     Triple T is a corporation organized and existing under the laws of the State of Idaho and has its principal place of business in Boise, Idaho.

8.     Upon information and belief, the Defendant KFC is a corporation organized and existing under the laws of the State of Kentucky and upon information and belief has its global headquarters and its principal U.S. place of business at 1441 Gardiner Lane, Louisville, KY 40213.  Defendant KFC may be served through its Registered Agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

9.     Upon information and belief, Grubhub Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of

3

business located at 111 West Washington Street, Suite 2100, Chicago, IL 60602. Defendant Grubhub provides on-demand food delivery from numerous restaurants to customers who place orders through its mobile app or Internet website. Defendant Grubhub may be served through its Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

10.    On February 7, 2019, Yum! Brands, Inc. (Yum! Brands") the parent company of KFC, "… entered into a master services agreement with an affiliate of Grubhub, an online and mobile takeout food-ordering company in the U.S., which is intended to provide dedicated support for the KFC and Taco Bell branded online delivery channels in the U.S. through Grubhub's online ordering platform, logistics and last mile support for delivery orders, as well as point-of-sale integration to streamline operations." Yum! Brands 2018 Annual Report, 2018 Form 10-K page 3, overall Annual Report page 97.

11.    Upon information and belief, Postmates Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business located at 201 Third Street, Floor 2, San Francisco, CA 94103. Defendant Postmates provides on-demand food delivery from numerous restaurants to customers who place orders through its mobile app or Internet website. Defendant Postmates may be served through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

12.     All Defendants offer for sale and sell, or have offered for sale and sold, food products bearing the Triple T Smoky Mountain Trademarks in the State of Idaho and in this District, and therefore have engaged in the transaction of business and the commission of tortious acts in this State and District.

## Background

13.     This Complaint seeks damages as compensation and other relief arising from an international fast food restaurant chain's unlawful attempts to misappropriate, use and exploit the registered U.S. trademarks and goodwill of a small business in Boise, Idaho.

14.     Beginning in or around January 2018, KFC, with over 4,109 restaurants nationwide, including at least fifteen (15) locations in the State of Idaho, started a national advertising campaign and social media campaign promoting a new line of barbecue chicken.

15.     KFC ran, and continues to run, television and online commercials promoting its SMOKY MOUNTAIN line of barbecue chicken products.

16.     Triple T, is a private company that started in 1992, is a restaurant chain with locations in the State of Idaho in the cities of Boise, Eagle, Meridian, Kuna, Nampa, Mountain Home, Ketchum/Sun Valley and until the summer of 2019, a location in Sandy, Utah; and has amassed tremendous goodwill over the last three decades.

17.    Triple T operates, markets and provides restaurants and catering services serving food and drinks to customers and otherwise engages in interstate commerce.

18.    Triple T has provided restaurant and catering services continuously since early 1992.

19.    Triple T also provides its own delivery fleet of sixteen (16) vehicles who deliver Smoky Mountain branded food items to customers from phone and online orders.  An example of a Triple T delivery vehicle is:



**Triple T's Trademarks and Service Marks**

20.    Triple T owns all right, title and interest in and to Triple T's Smoky Mountain Trademarks and has obtained numerous federal registrations with the U.S. Trademark Office for its brands for a variety of goods and services.

21.    Triple T's Smoky Mountain Trademarks have been used in interstate commerce to identify and distinguish Triple T's products and services for approximately three (3) decades and serve as symbols of Triple T's quality, reputation and goodwill.

22.    Triple T's Smoky Mountain Trademarks are inherently distinctive and each of the brands serve to identify and indicate the source of the products and services to the consuming public, and to distinguish those products and services from the products and services of others.

23.    Triple T is the owner of numerous federal trademark registrations for SMOKY MOUNTAIN brands, which are legally and validly registered on the Principal Register of the U.S. Trademark Office.

24.    Triple T's SMOKY MOUNTAIN family of brands comprise eight (8) incontestable trademarks and service marks and one mark that was recently registered (collectively, "the Smoky Mountain Family of Trademarks") (copies of the registrations are attached as Exhibit 1):

| Mark | Registration Date | Registration No. | Int'l Class | G/S Description |
|------|------------------|------------------|-------------|-----------------|

| | | | | |
|---|---|---|---|---|
| **SMOKY MOUNTAIN** | 09/23/2008 | 3,504,730 | 039 | Delivery of food, namely, grilled food, pizza, pasta and sandwiches |
| **SMOKY MOUNTAIN** | 12/06/2011 | 4,066,616 | 043 | Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; providing of beverages; preparation of food, namely, grilled food, pizza, pasta and sandwiches |
| Smoky Mountain | 12/06/2011 | 4,066,711 | 043 | Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; providing of beverages; preparation of food, namely, grilled food, pizza, pasta and sandwiches |
| Smoky Mountain | 09/26/2011 | 4,576,502 | 030 | Barbecue sauce; barbeque sauce |
| Smoky Mountain | 03/25/2008 | 3,402,972 | 039 | Delivery of food, namely, grilled food, pizza, pasta and sandwiches |
| Smoky Mountain PIZZERIA GRILL | 10/30/2007 | 3,325,864 | 043 | Preparation of food, namely grilled food, pizza, pasta and sandwiches |
| Smoky Mountain PIZZERIA GRILL | 03/11/2008 | 3,395,799 | 043 | Restaurants, restaurants featuring home delivery, and catering |
| Smoky Mountain PIZZERIA GRILL | 03/25/2008 | 3,402,971 | 039 | Delivery of food, namely, grilled food, pizza, pasta and sandwiches |
| **SMOKY MOUNTAIN** | 10/21/2019 | 5,891,321 | 030 | Barbecue sauce; barbeque sauce |

25.     Over the last nearly thirty years, Triple T has prominently used and promoted the Smoky Mountain Family of Trademarks in its advertising, promotion and in various other ways.

26.     Triple T's sales and advertising expenditures using the Smoky Mountain Family of Trademarks have been extensive in this judicial district as well as outside the State of Idaho.

27.     Triple T has invested considerable effort and resources in advertising and promoting its products and services under the Smoky Mountain Family of Trademarks and has spent time and money securing registered trademarks so that its customers and the public will recognize the marks and associate them with Triple T's high quality products and so that parties such as the Defendants could perform trademark searches, find the Smoky Mountain Family of Trademarks, and avoid committing infringing activities.

28.     Triple T advertises online, on the radio, on billboards, in various print advertisements, social media, in newspapers, and in other diverse ways.

29.     Long before the tortious acts set forth in this Complaint, Triple T promoted its services and sold products under the Smoky Mountain Family of Trademarks.

30.     Triple T makes use of the Smoky Mountain Family of Trademarks in interstate commerce by displaying them on product packaging, menus, signage,

mobile delivery vehicles, promotional materials, social media campaigns and advertising materials.

31.    The Smoky Mountain Family of Trademarks were first used in the United States in interstate commerce as early as 1992.

32.    Sales of food and other products bearing the Smoky Mountain Family of Trademarks have been extensive, with total sales for products in excess of $30 million dollars during the last three years.

33.    Triple T has consistently and prominently displayed the Smoky Mountain Family of Trademarks in interstate commerce and in this judicial district. Triple T has invested millions of dollars in developing, advertising, and otherwise promoting the Smoky Mountain Family of Trademarks in the United States in an effort to create a strong association between Triple T's products and services, its consumer goodwill and its Smoky Mountain Family of Trademarks.

34.    As a result of the care and skill exercised by Triple T in the conduct of its business, the high quality of its products and services offered under the Smoky Mountain Family of Trademarks, and the extensive advertising, sale, and promotion of Triple T's products bearing the Smoky Mountain Family of Trademarks, the Smoky Mountain Family of Trademarks are distinctive, have acquired secondary meaning throughout the United States, and are widely recognized by the general

consuming public as a designation that Triple T is the source of the goods and services bearing the Smoky Mountain Family of Trademarks.

35.     As a result of extensive sales, advertising, and promotion, the Smoky Mountain Family of Trademarks have become, prior to the Defendants' unlawful acts, assets symbolizing goodwill of incalculable value as identifiers of Triple T, immediately signifying Triple T's high quality products and services.

36.     The Smoky Mountain Family of Trademarks are strong, arbitrary marks that warrant broad protection in both related and unrelated product and/or service classes and form a family of trademarks centered around the terms SMOKY MOUNTAIN.

37.     Triple T's registered SMOKY MOUNTAIN logo marks have three mountain peaks as prominent features in the background of the logo.

38.     Since the date of first use of the Smoky Mountain Family of Trademarks, Triple T has manifested intent to maintain exclusive ownership of the Smoky Mountain Family of Trademarks and to continue use of them in interstate commerce in connection with Triple T's products and services.

39.     Triple T has carefully monitored and policed the use of the Smoky Mountain Family of Trademarks and maintains tight control over their use.

40.     Triple T's Smoky Mountain Family of Trademarks provide constructive notice of its claim of ownership under 15 U.S.C. § 1072.

41.    Triple T has consistently used the trademark registration symbol at all relevant times pursuant to 15 U.S.C. § 1111, thus providing actual notice of its claim of ownership.

42.    Triple T has expended a great deal of time, effort, and money to promote the Smoky Mountain Family of Trademarks in connection with its restaurant food and services.

43.    Each of the marks of the Smoky Mountain Family of Trademarks is inherently distinctive.   Further, because of Triple T's extensive promotional activities involving the Smoky Mountain Family of Trademarks, and as a consequence of Triple T's fair and honorable dealings with its customers, the relevant consuming public has come to recognize products bearing the Smoky Mountain Family of Trademarks as high quality goods and services connected with and offered only by Triple T.

44.    The benefit of Triple T's promotional efforts and the power of its brand names are reflected by the millions of dollars in sales of Triple T products and services.

**Defendants' Unlawful Activities**

**A.     Defendants' Infringement of Triple T's SMOKY MOUNTAIN Family of Trademarks.**

45.     Defendant KFC operates and franchises restaurants throughout the United States and has fifteen (15) restaurants in Idaho.

46.     KFC has maintained systematic and continuous contacts with this District through its conducting of business transactions through its franchisees' restaurants, its website www.kfc.com, and through its partners such as Defendants Grubhub (Exh. 4) and Postmates (Exh. 5).

47.     Without the authorization, license, or permission from Triple T, and long after Triple T had established its registered rights in the Smoky Mountain Family of Trademarks, KFC began marketing and selling a new line of barbecue food products using Triple T's SMOKY MOUNTAIN brand.  A recent copy of KFC's website is attached as Exhibit 2.

48.     KFC uses the following logo in the promotion of its barbecue chicken products:



49.     The products shown below and in Exhibit 2 in connection with the sale and promotion of KFC's barbecue chicken and chicken sandwich food products are not manufactured, licensed or authorized by Triple T:





50.    When compared, KFC's infringing trademarks word trademark SMOKY MOUNTAIN has the same sight, sound and connotation as Triple T's word marks SMOKY MOUNTAIN, and thus is confusingly similar.

51.    When compared in a side-by-side comparison of the Triple T's logo mark with the Defendants' logo marks, KFC not only incorporates the terms "SMOKY MOUNTAIN" in its logo, but also incorporates the three mountain peaks of Triple T's logos.

| Triple T's Registered Logo | KFC's Infringing Logo |
|---|---|
|  |  |
|  |  |

52.     KFC's infringement of Triple T's Smoky Mountain Family of Trademarks has occurred in interstate commerce, has been willful, and has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury for which Triple T has no adequate remedy at law.

53.     On information and belief, KFC has actual knowledge of the valuable reputation and goodwill symbolized by Triple T's Smoky Mountain Family of Trademarks and its association with Triple T.

54.     As a result, KFC is willfully and in bad faith trading on Triple T's reputation and goodwill, and its actions are likely to confuse and deceive consumers.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement - 15 U.S.C. § 1114)

55.     Triple T repeats, realleges, and incorporates each and every allegation of paragraphs 1 through 54, as though fully set forth in this cause of action.

56.     Triple T engages in the promotion and sale of restaurant and catering services as well as the sale of food products under its Smoky Mountain Family of Trademarks and does so in interstate commerce.

57.     Triple T has expended substantial sums in the preparation of advertising and promotional materials using the Smoky Mountain Family of Trademarks.

58.     By virtue of the provisions of the Lanham Act, specifically 15 U.S.C. §§ 1051 *et seq*., Triple T is the presumptive owner of the Smoky Mountain Family of Trademarks and has the exclusive rights to these trademarks for the claimed goods and services.

59.     Except for one, all of Triple T's Smoky Mountain Family of Trademarks are incontestable; and some of the Smoky Mountain Family of Trademarks have been in continuous use for nearly thirty (30) years.

60.     As a result of long, exclusive and extensive use and promotion, Triple T's Smoky Mountain Family of Trademarks have become associated with Triple T's high-quality, food, catering, and restaurant services, have acquired considerable value and have become well-known to the consuming public.

61.     The Defendants are using the same word mark and a confusingly similar variation of the Triple T SMOKY MOUNTAIN logo that incorporates both the term "Smoky Mountain" as well as Triple T's three mountain ridges into the KFC's logo mark.

62.     Defendants' infringing activities are in the same industries, namely the restaurant and food delivery industries.

63.     The products and services sold by the Defendants under the infringing marks and logos are the same in nature and type as those advertised and sold by Triple T under its Smoky Mountain Trademarks.

64.     KFC either negligently failed to conduct a trademark search prior to adoption and commercialization of its infringing SMOKY MOUNTAIN mark and SMOKY MOUNTAIN logo mark, or in the alternative, received advice of counsel that adoption of its infringing SMOKY MOUNTAIN brand would violate the trademark rights of Triple T and willfully ignored its advice of counsel by proceeding to launch its infringing use of the trademark SMOKY MOUNTAIN and SMOKY MOUNTAIN logo.

65.     The Defendants' use of KFC's infringing SMOKY MOUNTAIN mark and the SMOKY MOUNTAIN logo mark in connection with its advertising and sale of food and restaurant services is likely to confuse, mislead and deceive the public into believing that Defendants' products and services originate with, or are sponsored or approved by Triple T, when, in fact, they are not.

66.     The Defendants' usages of KFC's infringing SMOKY MOUNTAIN word mark and the SMOKY MOUNTAIN logo mark in connection with its advertising, sale of food, restaurant services, and delivery services are likely to confuse, mislead, and deceive the public as to an affiliation, connection or association between the Defendants and Triple T, when there is no such affiliation, connection or association.

67.     The Defendants' unauthorized use of the Smoky Mountain Family of Trademarks in connection with the Defendants' advertising, sale of food, restaurant

services and delivery services is material in that it is likely to influence, and is, in fact, influencing the purchasing decisions of the relevant consuming public.

68.     The Defendants' have misappropriated Triple T's Smoky Mountain Family of Trademarks by offering for advertising, sale of food, restaurant services, and delivery services utilizing Triple T's Smoky Mountain Family of Trademarks.

69.     An example of the Defendant's advertising, sale of food, restaurant services and delivery services using Triple T's Smoky Mountain Family of Trademarks are incorporated into this Complaint and attached as Exhibit 3.

70.     As a result of Defendants' infringing activities, there exist a strong likelihood of confusion in the marketplace as to the source of origin and sponsorship of the Defendants' goods and services.

71.     KFC's parent company, Yum! Brands has stated in its annual report that "The Company's policy is to pursue registration of its important marks whenever feasible and to oppose vigorously any infringement of its marks."  Yum! Brands 2018 Annual Report, Form 10-K, page 4, overall Annual Report page 98.

72.     Yet, interestingly, neither KFC nor Yum! Brands has made any attempt to secure trademark rights in the mark SMOKY MOUNTAIN for its barbecue chicken products.

73.    The Defendants' unauthorized use of Triple T's Smoky Mountain Trademarks constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

74.    In addition, upon information and belief, Defendants' conduct in failing to conduct a trademark search prior to launching a nationwide campaign promoting its SMOKY MOUNTAIN branded BBQ chicken and delivery services of the SMOKY MOUNTAIN branded BBQ chicken to customers; or in the alternative, conducting a trademark search, obtaining an adverse opinion from counsel to not adopt the SMOKY MOUNTAIN brand, ignoring this advice of counsel and adopting the SMOKY MOUNTAIN brand thus violating Triple T's Smoky Mountain Family of Trademarks, constitutes willful trademark infringement.

75.    Defendant Grubhub's Master Services Agreement with KFC, coupled with KFC's strategic investment in Grubhub, links both companies together in their willful trademark infringement of the Smoky Mountain Family of Trademarks.

76.    Likewise, Postmates' direct competition with Triple T in conducting delivery services of food bearing KFC's infringing SMOKY MOUNTAIN brand while receiving revenue from delivery fees and a percentage of the food delivered to customers does not shield it from its own willful trademark infringement as Postmates sought to directly compete against Triple T's delivery services.

77.     As a result of the Defendants' trademark infringement, Triple T has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

## SECOND CAUSE OF ACTION

(False Designation of Origin and False Description--15 U.S.C. § 1125(a))

78.     Triple T repeats, realleges, and incorporates each and every allegation of paragraphs 1 through 77, as though fully set forth in this cause of action.

79.     Defendants' unauthorized use of Triple T's Smoky Mountain Family of Trademarks constitutes use of a false designation of origin or false and misleading representation in interstate commerce, that wrongfully and falsely designates, describes and represents that the Defendants' products are connected, affiliated, or associated with Triple T, and is likely to cause confusion as to the Defendants' connection, affiliation, or association with Triple T, or as to the origin, sponsorship, or approval of the Defendants' products by Triple T in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     As a result of the Defendants' false designations and descriptions of origin, Triple T has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

## THIRD CLAIM FOR RELIEF

(Common Law Trademark Infringement)

81.     Triple T repeats and realleges, and incorporates each and every allegation of paragraphs 1 through 80, as though fully set forth in this cause of action.

82.     The acts of the Defendants, complained of above, constitute trademark infringement in violation of the common law of the State of Idaho.

83.     Upon information and belief, Defendant's acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Triple T's goodwill and reputation.

84.     As a result of these previously described acts by the Defendants, Triple T has suffered damages.

85.     These previously described acts by the Defendants have caused actual damages to Triple T and will continue to cause Triple T financial damages and injury to Triple T's goodwill.  As a result of these acts, Triple T is seeking all damages allowed under Idaho law, including punitive damages.

## FOURTH CAUSE OF ACTION

(Federal Unfair Competition/Infringement 15 U.S.C. § 1125(a))

86.     Triple T repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 84, as though fully set forth in this cause of action.

87.     The Defendants' unauthorized use of the Smoky Mountain Family of Trademarks constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

88.     The Defendants have caused and, unless enjoined, will continue to cause irreparable harm and injury to Triple T's goodwill and reputation.

89.     Triple T is entitled to recover its actual damages, the Defendants' profits, and the costs of this action pursuant to 15 U.S.C. § 1117, in an amount to be proved at trial.

90.     The Defendants' actions in this case in their unauthorized use of the Smoky Mountain Family of Trademarks was intentional and in bad faith.  The Court should enter an award of enhanced damages under 15 U.S.C. § 1117 in an amount up to three times the actual damages.

91.     This case is exceptional under 15 U.S.C. § 1117, and Triple T should be awarded its reasonable attorney fees.

## **FIFTH CAUSE OF ACTION**

(State Law Unfair Competition)

92.     Triple T repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 91, as though fully set forth in this cause of action.

93.     Triple T owns and controls valuable goodwill and common law trademark rights in the Smoky Mountain Family of Trademarks, including as a result

of the inherent distinctiveness of those and other Triple T marks, Triple T's longstanding and continuous use and promotion of its marks, its marks have become famous in this district.

94.    The Defendants' unauthorized use of the Smoky Mountain Family of Trademarks, including as a result of the inherent distinctiveness of those and other Triple T marks, Triple T alleges that Defendants' conduct constitutes unfair competition in violation of Idaho common law, pursuant to Idaho Code § 48-516.

95.    By virtue of their conduct, the Defendants have engaged and are engaging in unfair competition and passing off under the common law of the State of Idaho.

96.    As well as harming the public, as a result of the Defendants' actions, Triple T has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

97.    The Defendants' have caused and, unless enjoined, will continue to cause irreparable harm and injury to Triple T's and its goodwill and reputation.

98.    In addition, because damages, while necessary, are not sufficient to fully protect Triple T's continuing interest in preserving the Smoky Mountain Family of Trademarks, including as a result of the inherent distinctiveness of those and other Triple T marks against future infringement by the Defendants', Triple T is entitled to permanent injunctive relief against Defendants' use of Triple T's marks.

99.     The Defendants' actions were undertaken intentionally to obtain an unfair advantage over Triple T and in conscious disregard of Triple T's rights, and were malicious, oppressive, and/or fraudulent.   Triple T requests punitive or exemplary damages in an amount sufficient to punish and deter the Defendants and to make an example of them.

100.    Triple T is entitled to recover its damages in an amount to be proved at trial.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Triple T respectfully requests a jury trial on all issues triable before a jury set forth in this Complaint.

## REQUEST FOR RELIEF

Triple T requests that this Court grant the following specific relief:

A.      An accounting of the Defendants' sales and profits that were sold in conjunction with goods sold bearing the infringing SMOKY MOUNTAIN brand;

B.      Monetary damages in an amount sufficient to compensate Triple T for its losses, as determined by a full accounting the Defendants' infringing activities;

C.      A permanent injunction against the Defendants;

D.     That, upon entering a finding that the Defendants' actions were willful, deliberate, and malicious and that this case is exceptional thus entitling Triple T to an award of treble damages in an amount to be proven at trial pursuant to the applicable statute;

E.     Award of damages to compensate Triple T for the unjust enrichment of the Defendants' at the expense of Triple T.

F.     Award punitive damages based on Triple T's state causes of action in an amount sufficient to punish and deter the Defendants;

G.     Enter an award of attorneys' fees and costs; and

H.     Award any such other and further relief as this Court deems just and proper.

**SCOTT A TSCHIRGI, CHARTERED**

*/s/ Scott Tschirgi*
Scott Tschirgi (ISB No. 4247)
Scott A. Tschirgi, Chartered
877 West Main Street, Suite 610
Boise, Idaho 83702
(208) 287-8200
sat@satchartered.com

Robert Hart (pro hac vice pending)
Meredith Addy (pro hac vice pending)
AddyHart P.C.
401 North Michigan Avenue
Suite 1200-1
Chicago, IL 60611
(312) 834-7701
robert@addyhart.com
meredith@addyhart.com

*Attorneys for Triple T Enterprises, Inc.*