B. Newal Squyres (ISB #1621)
nsquyres@hollandhart.com
Alexandra S. Grande (ISB #9566)
asgrande@hollandhart.com
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone:  208.342.5000
Facsimile:  208.343.8869

William G. Barber (*pro hac vice pending*)
bbarber@pirkeybarber.com
David E. Armendariz (*pro hac vice pending*)
darmendariz@pirkeybarber.com
Pirkey Barber PLLC
1801 East 6th Street, Suite 300
Austin, TX  78702
Telephone:  512.322.5200
Facsimile:  512.322.5201

Attorneys for Defendants and Counterclaimants
KFC Corporation and Grubhub Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRIPLE T ENTERPRISES, INC., an Idaho corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KFC CORPORATION, a Delaware corporation; GRUBHUB INC., a Delaware corporation; and POSTMATES INC., a Delaware corporation,<br><br>　　　　Defendants. | Case No. 1:19-cv-511-REB<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS AGAINST TRIPLE T ENTERPRISES, INC.** |
| KFC CORPORATION, a Delaware corporation; and GRUBHUB INC., a Delaware corporation,<br><br>　　　　Counterclaimants, | |

vs.

TRIPLE T ENTERPRISES, INC., an Idaho
corporation,

     Counter-Defendant.

Defendants and Counterclaimants KFC Corporation ("KFC") and Grubhub Inc. ("Grubhub") (jointly, "Defendants"), by and through their undersigned counsel, submit their Answer to the Complaint of Plaintiff and Counter-Defendant Triple T Enterprises, Inc. ("Plaintiff"), and respond as follows:

## Response to Section Titled "Nature of the Action"[1]

1.     Paragraph 1 of Plaintiff's Complaint sets forth Plaintiff's statement of its case, to which no response is required.  Defendants make no statement or admission regarding the sufficiency of Plaintiff's stated claims.

2.     Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint.

## Response to Section Titled "Jurisdiction and Venue"

3.     Paragraph 3 of Plaintiff's Complaint sets forth Plaintiff's statement of its case, to which no response is required.  Defendants make no statement or admission regarding the sufficiency of Plaintiff's stated claims.

4.     Paragraph 4 of Plaintiff's Complaint states legal conclusions to which no response is required.  Nevertheless, Defendants admit that this Court has jurisdiction over Plaintiff's claims, but deny any implication that such claims have merit.

5.     Plaintiff's statement in Paragraph 5 concerning personal jurisdiction is a legal conclusion to which no response is required.  Defendants admit that they transact business in the

---

[1] For ease of reference, the numbered paragraphs and headings in this Answer correspond to the paragraph numbers and headings in Plaintiff's Complaint.

state of Idaho, including in Boise.  Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 of Plaintiff's Complaint states legal conclusions to which no response is required.

## Response to Section Titled "The Parties"

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of Plaintiff's Complaint, and thus deny the same.

8.      Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint, except the allegation that KFC is a corporation organized and existing under the laws of the state of Kentucky. KFC is a Delaware corporation.

9.      Defendants admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.      Defendants admit that on February 7, 2018 (not 2019, as stated in Plaintiff's Complaint), certain subsidiaries of Yum! Brands, Inc., KFC's parent company, "entered into a master services agreement with an affiliate of Grubhub, which was intended to provide dedicated support for the KFC and Taco Bell branded online delivery channels in the U.S. through Grubhub's online ordering platform, logistics and last-mile support for delivery orders, as well as point-of-sale integration to streamline operations."  Defendants otherwise deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and thus deny the same.

12.      Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

## Response to Section Titled "Background"

13.     Paragraph 13 of Plaintiff's Complaint sets forth Plaintiff's statement of its case, to which no response is required.   Defendants make no statement or admission regarding the sufficiency of Plaintiff's stated claims.

14.     In response to Paragraph 14 of Plaintiff's Complaint, Defendants state that KFC introduced a new line of barbecue chicken products in or around July 2017 through a market test in various cities in the United States. Defendants further admit that KFC started a national advertising and social media campaign promoting this new line of products beginning in or around January 2018, and that at the time KFC started this national campaign, it had over 4,000 company-owned and franchise-owned restaurants nationwide, including locations in the state of Idaho.

15.     Defendants admit that KFC ran television and online commercials promoting its "Smoky Mountain BBQ" products in the past.   Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and thus deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of Plaintiff's Complaint, and thus deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiff's Complaint, and thus deny the same.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of Plaintiff's Complaint, and thus deny the same.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of Plaintiff's Complaint, and thus deny the same.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiff's Complaint, and thus deny the same.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiff's Complaint, and thus deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of Plaintiff's Complaint, and thus deny the same.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of Plaintiff's Complaint, and thus deny the same.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of Plaintiff's Complaint, and thus deny the same.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiff's Complaint, and thus deny the same.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and thus deny the same.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiff's Complaint, and thus deny the same.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of Plaintiff's Complaint, and thus deny the same.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and thus deny the same.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Plaintiff's Complaint, and thus deny the same.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and thus deny the same.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of Plaintiff's Complaint, and thus deny the same.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of Plaintiff's Complaint, and thus deny the same.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of Plaintiff's Complaint, and thus deny the same.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of Plaintiff's Complaint, and thus deny the same.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of Plaintiff's Complaint, and thus deny the same.

40.     Paragraph 40 of Plaintiff's Complaint states a legal conclusion to which no response is required.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of Plaintiff's Complaint, and thus deny the same.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of Plaintiff's Complaint, and thus deny the same.

43.     Defendants deny that the marks in Plaintiff's purported "Smoky Mountain Family of Trademarks" are inherently distinctive.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of Plaintiff's Complaint, and thus deny the same.

**Response to Section Titled "Defendants' Unlawful Activities"**

45.     Defendants admit the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Paragraph 46 of Plaintiff's Complaint states legal conclusions to which no response is required.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.  Further, Defendants lack knowledge or information sufficient to form a belief about the authenticity of the exhibit referenced, and thus deny the same.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants admit that the products referenced in Paragraph 49 of Plaintiff's Complaint are not manufactured, licensed, or authorized by Plaintiff, but deny any implication that a license or authorization from Plaintiff is or was required.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

**Response to Section Titled "FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement – 15 U.S.C. § 1114)"**

55.     Defendants fully incorporate by reference their responses in the above paragraphs as if fully set forth herein.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of Plaintiff's Complaint, and thus deny the same.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of Plaintiff's Complaint, and thus deny the same.

58.     Paragraph 58 of Plaintiff's Complaint states legal conclusions to which no response is required.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of Plaintiff's Complaint, and thus deny the same.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of Plaintiff's Complaint, and thus deny the same.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants admit the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants admit that neither KFC nor Yum! Brands has made any attempt to secure trademark rights in the geographic term SMOKY MOUNTAIN for KFC's barbecue chicken products. Defendants deny the remaining allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75.    Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76.    Paragraph 76 of Plaintiff's Complaint states legal conclusions to which no response is required.  Additionally, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of Plaintiff's Complaint, and thus deny the same.

77.    Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

**Response to Section Titled "SECOND CAUSE OF ACTION**

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))"**

78.    Defendants incorporate by reference their responses in the above paragraphs as if fully set forth herein.

79.    Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

80.    Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

**Response to Section Titled "THIRD CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)"**

81.    Defendants incorporate by reference their responses in the above paragraphs as if fully set forth herein.

82.    Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint.

83.    Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint.

84.    Defendants deny the allegations in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants deny the allegations in Paragraph 85 of Plaintiff's Complaint.

**Response to Section Titled "FOURTH CAUSE OF ACTION**

**(Federal Unfair Competition/Infringement 15 U.S.C. § 1125(a))"**

86.    Defendants incorporate by reference their responses in the above paragraphs as if fully set forth herein.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations in Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

## Response to Section Titled "FIFTH CAUSE OF ACTION

## (State Law Unfair Competition)"

92.     Defendants incorporate by reference their responses in the above paragraphs as if fully set forth herein.

93.     Defendants deny that Plaintiff's marks are inherently distinctive.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 93 of Plaintiff's Complaint, and thus deny the same.

94.     Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the allegations in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint, or that Plaintiff is entitled to the relief requested therein.

100.    Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

## Response to Section Titled "JURY DEMAND"

No response is required.

**Response to Section Titled "REQUEST FOR RELIEF"**

Defendants deny that Plaintiff is entitled to the relief requested in its "Request for Relief" and accompanying subparagraphs.

**AFFIRMATIVE DEFENSES**

**Fair Use**

1.      The term "smoky mountain" is highly descriptive either as a geographic descriptor or as a generic descriptor for a type of barbecue and barbecue sauce popular in the Deep South, and in particular in and around the geographic region known as the Great Smoky Mountains.

2.      Defendants did not and do not use the term "smoky mountain" as a mark.

3.      Defendants used the term "smoky mountain" fairly and in good faith only to describe their goods.

4.      Defendants' use of the term "smoky mountain" in connection with their goods constituted fair use within the meaning of 15 U.S.C. § 1115(b)(4).

**Lack of Trademark Rights**

1.      The term "smoky mountain" is highly descriptive either as a geographic descriptor or as a generic descriptor for a type of barbecue and barbecue sauce popular in the Deep South, and in particular in and around the geographic region known as the Great Smoky Mountains.

2.      Alternatively or in addition, the term "Smoky Mountain" as used by Plaintiff is primarily geographically descriptive of the location of Plaintiff's goods and services, namely a mountain range in Idaho named the Smoky Mountains.

3.      Plaintiff has not acquired secondary meaning in the term "smoky mountain."

4.      Plaintiff did not acquire secondary meaning in the term "smoky mountain" before Defendants began using the term descriptively to describe their goods and services.

5.     Accordingly, Plaintiff does not have protectable rights in the term "smoky mountain" and cannot prevent Defendants from using it in connection with their goods.

### Fraud and Unclean Hands

1.     Plaintiff made material false statements to the U.S. Patent and Trademark Office ("PTO") in connection with certain trademark applications to register "Smoky Mountain."  In particular, Plaintiff affirmatively represented to the PTO, through its attorney, that the term "Smoky Mountain" has no significance other than trademark significance, even though it is a geographically descriptive reference to the Smoky Mountains in Idaho.  The statement was made with knowledge of its falsity and with the intent to deceive the PTO and cause it to issue the registrations, which it did.  *See* Counterclaims 1–5 below and supporting facts.

2.     Because the relevant registrations were obtained fraudulently, they are barred from registration and should be cancelled.  To the extent that other registrations were granted based in part on rights conferred by registrations obtained fraudulently, those other registrations should also be cancelled.

3.     Because Plaintiff's registrations were obtained fraudulently, they cannot form the basis of a claim for infringement.

4.     Even if some of Plaintiff's registrations were obtained without fraud, Plaintiff should be estopped from asserting them against Defendants pursuant to the common law doctrine of unclean hands.

### Laches, Acquiescence, and Failure to Mitigate

1.     Defendants began using the term "smoky mountain" to describe their products since at least as early as 2017.

2.     Between approximately July 2017 and October 2019, Defendants invested time and money in advertising and promotions using the term "smoky mountain."

3.      Upon information and belief, Plaintiff knew or should have known of Defendants' use of the term "smoky mountain" long before it filed this Complaint on December 30, 2019. Despite knowing of Defendants' use of the term "smoky mountain," Plaintiff never contacted Defendants to express any concern or request that they cease use of the term.

4.      Plaintiff's delay and lack of diligence in asserting its purported rights against Defendants were unreasonable.

5.      Defendants were unduly and unfairly prejudiced as a result of Plaintiff's delay.

6.      Accordingly, Plaintiff's claims are barred by the doctrines of laches and/or acquiescence.

7.      Additionally, to the extent Plaintiff claims it has suffered any damage, which Defendants deny, such damage was caused by Plaintiff's delay and Plaintiff cannot recover from Defendants for its own failure to mitigate such damage.

## COUNTERCLAIMS

Defendants and Counterclaimants KFC Corporation and Grubhub Inc., through their undersigned counsel, assert the following counterclaims against Plaintiff and Counter-Defendant Triple T Enterprises, Inc.  Defendants reserve the right to assert additional counterclaims as appropriate and to the extent permitted by law.

### Nature of Action and Jurisdiction

1.      This is an action for cancellation of trademark registrations under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act").

2.      In any action involving a registered mark, this Court is authorized to determine the right to registration and order the cancellation of registrations of any party to the action, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

3.      Jurisdiction of this Court is proper pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, 28 U.S.C. §§ 1331 and 1338.

## Parties

4.      KFC Corporation is a Delaware corporation with a principal place of business in Louisville, Kentucky.

5.      Grubhub Inc. is a Delaware corporation with a principal place of business in Chicago, Illinois.

6.      On information and belief, Triple T Enterprises, Inc., is an Idaho corporation with a principal place of business in Boise, Idaho.

## Background

7.      Sawtooth National Forest in Idaho is home to the "Smoky Mountains," a mountain range that is part of the Rocky Mountains (the "Idaho Smoky Mountains").

8.      The Idaho Smoky Mountains are located adjacent to Ketchum and Sun Valley, Idaho, and just a short distance from Boise.

9.      The Idaho Smoky Mountains are separate and distinct from the "Great Smoky Mountains," a range in the Appalachian Mountains located in Tennessee and North Carolina.

10.     The original location of Plaintiff's first "Smoky Mountain Pizza" restaurant is in Ketchum, Idaho, which is adjacent to the Idaho Smoky Mountains.  *See* **Exhibit 1**.

11.     On information and belief, Plaintiff's "Smoky Mountain" restaurants were named for the Idaho Smoky Mountains adjacent to Plaintiff's original location in Ketchum.  In fact, on Plaintiff's website, Plaintiff states that the original Ketchum, Idaho location is "where Smoky Mountain got it's [sic] name."  *See* **Exhibit 1**.

12.     On information and belief, "Smoky Mountain" as used in Plaintiff's purported marks is a reference to the Idaho Smoky Mountains adjacent to Plaintiff's original restaurant location.

13.     All of Plaintiff's restaurants are located near the Idaho Smoky Mountains.

14.     The primary significance of the term "Smoky Mountain" to consumers located in Plaintiff's trade area is not as a source identifier for Plaintiff's goods or services. Rather, the primary significance of "Smoky Mountain" to such consumers is as a reference to the Idaho Smoky Mountains located in the same geographic area and state as Plaintiff's restaurants.

15.     Alternatively or in addition, the primary significance of the term "Smoky Mountain" to consumers is as a reference to the Great Smoky Mountains in Tennessee and North Carolina.

## Plaintiff's Registrations

### I.     Registration No. 3,504,730 (SMOKY MOUNTAIN in Class 39)

16.     On February 17, 2008, Plaintiff filed Application Serial Number 77/399,179 to register the purported mark SMOKY MOUNTAIN under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).  Based on this application, Plaintiff obtained Registration Number 3,504,730, issued on September 23, 2008, in Class 39 for "Delivery of food, namely, grilled food, pizza, pasta and sandwiches."

17.     On May 30, 2008, during the examination process for Plaintiff's Application Serial Number 77/399,179, the trademark examining attorney issued an Examiner's Amendment adding the following statement to the record: "The wording 'smoky mountain' has no significance as applied to the identified services other than trademark significance."  This statement was added to the record pursuant to authorization granted by Plaintiff's attorney, Robert Hart.  A copy of the Examiner's Amendment is attached as **Exhibit 2**.

## II.      Registration No. 4,066,616 (SMOKY MOUNTAIN in Class 43)

18.      On April 17, 2011, Plaintiff filed Application Serial Number 85/297,280 to register the purported mark SMOKY MOUNTAIN under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).  In the application, Plaintiff claimed ownership of U.S. Registration No. 3,504,730, which is described in Paragraphs 16–17 of Defendants' Counterclaims above.  A copy of the application is attached as **Exhibit 3**.  Based on this application, Plaintiff obtained Registration Number 4,066,616, issued on December 6, 2011, in Class 43 for "Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; providing of beverages; preparation of food, namely, grilled food, pizza, pasta and sandwiches."

19.      On July 29, 2011, during the examination process for Plaintiff's Application Serial Number 85/297,280, the trademark examining attorney issued an Examiner's Amendment adding the following statement to the record: "The wording 'SMOKY MOUNTAIN' has no significance as applied to the services identified in the application or within applicant's industry."  This statement was added to the record pursuant to authorization granted by Plaintiff's attorney, Robert Hart.  A copy of the Examiner's Amendment is attached as **Exhibit 4**.

## III.     Registration No. 4,066,711 (SMOKY MOUNTAIN & Design in Class 43)

20.      On April 20, 2011, Plaintiff filed Application Serial Number 85/300,477 to register the purported mark SMOKY MOUNTAIN & Design shown below under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).   In the application, Plaintiff claimed ownership of U.S. Registration No. 3,504,730 which is described in Paragraphs 16–17 of Defendants' Counterclaims above.  A copy of the application is attached as **Exhibit 5**.  Based on this application, Plaintiff obtained Registration Number 4,066,711, issued on December 6, 2011, in Class 43 for "Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out

services; providing of beverages; preparation of food, namely, grilled food, pizza, pasta and sandwiches."



21.     On July 29, 2011, during the examination process for Plaintiff's Application Serial Number 85/300,477, the trademark examining attorney issued an Examiner's Amendment adding the following statement to the record: "The wording 'SMOKY MOUNTAIN' has no significance as applied to the services identified in the application or within applicant's industry."  This statement was added to the record pursuant to authorization granted by Plaintiff's attorney, Robert Hart.  A copy of the Examiner's Amendment is attached as **Exhibit 6**.

**IV.     Registration No. 4,576,502 (SMOKY MOUNTAIN & Design in Class 30)**

22.     On September 26, 2012, Plaintiff filed Application Serial Number 85/738,726 to register the purported mark SMOKY MOUNTAIN & Design shown below under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).



23.     In Application Serial Number 85/738,726, Plaintiff claimed ownership of U.S. Registration Nos. 3,504,730; 4,066,616; and 4,066,711; which are described in Paragraphs 16–21 of Defendants' Counterclaims above.  A copy of the application is attached as **Exhibit 7**.

24.     Based on Application Serial Number 85/738,726, Plaintiff obtained Registration Number 4,576,502, issued on July 29, 2014, in Class 30 for "Barbecue sauce; barbeque sauce."

**V.      Registration No. 5,891,321 (SMOKY MOUNTAIN in Class 30)**

25.      On April 24, 2019, Plaintiff filed Application Serial Number 88/401,100 to register the purported mark SMOKY MOUNTAIN under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).

26.      In Application Serial Number 88/401,100, Plaintiff claimed ownership of U.S. Registration Nos. 3,504,730; 4,066,616; 4,066,711; and 4,576,502, which are described in Paragraphs 16–24 of Defendants' Counterclaims above.  A copy of the application is attached as **Exhibit 8**.

27.      Based on Application Serial Number 88/401,100, Plaintiff obtained Registration Number 5,891,321, issued on October 22, 2019, in Class 30 for "Barbecue sauce; Barbeque sauce."

**Counterclaim 1 – Cancellation of Registration No. 3,504,730 for Fraud**

28.      Defendants repeat the allegations above as if fully set forth herein.

29.      The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

30.      The term "Smoky Mountain" as used by Plaintiff in its purported mark is a reference to the Idaho Smoky Mountains.  Thus, the term "Smoky Mountain" has geographically descriptive significance.

31.      Because the term "Smoky Mountain" has geographically descriptive significance, the statement added to the record for Plaintiff's Registration No. 3,504,730 by Plaintiff through its counsel that "[t]he wording 'smoky mountain' has no significance as applied to the identified services other than trademark significance" is false.  The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with knowledge of its falsity, and the Examiner's Amendment in **Exhibit 2** was never corrected or objected to by Plaintiff.

32.     The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to deceive the examiner and/or the U.S. Patent and Trademark Office ("PTO").

33.      The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to cause the examiner and/or the PTO to grant the registration.

34.     Because of Plaintiff's representation to the trademark examining attorney about the significance of "Smoky Mountain," the USPTO did in fact ultimately grant the registration, reasonably relying at least in part on said representation.  Had Plaintiff informed the PTO that the term "Smoky Mountain" is geographically descriptive, the PTO would likely not have granted the registration or would have required further evidence before doing so.

35.     Because Plaintiff's false statement to the trademark examining attorney was made with Plaintiff's knowledge of its falsity and with the intent to deceive the examiner, and because said false statement caused the PTO to grant the registration when it otherwise would not have, Plaintiff's actions constitute fraud on the PTO and the registration was fraudulently obtained.

36.     Based on the allegations above, Plaintiff's registration is barred and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

### Counterclaim 2 – Cancellation of Registration No. 4,066,616 for Fraud

37.     Defendants repeat the allegations above as if fully set forth herein.

38.     The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

39.     The term "Smoky Mountain" as used by Plaintiff in its purported mark is a reference to the Idaho Smoky Mountains.  Thus, the term "Smoky Mountain" has geographically descriptive significance.

ANSWER TO COMPLAINT AND COUNTERCLAIMS - 19

40.     Because the term "Smoky Mountain" has geographically descriptive significance, the statement added to the record for Plaintiff's Registration No. 4,066,616 by Plaintiff through its counsel that "[t]he wording 'SMOKY MOUNTAIN' has no significance as applied to the services identified in the application or within applicant's industry" is false.  The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with knowledge of its falsity, and the Examiner's Amendment in **Exhibit 4** was never corrected or objected to by Plaintiff.

41.     The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to deceive the examiner and/or the U.S. Patent and Trademark Office ("PTO").

42.      The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to cause the examiner and/or the PTO to grant the registration.

43.     Because of Plaintiff's representation to the trademark examining attorney about the significance of "Smoky Mountain," the USPTO did in fact ultimately grant the registration, reasonably relying at least in part on said representation.  Had Plaintiff informed the PTO that the term "Smoky Mountain" is geographically descriptive, the PTO would likely not have granted the registration or would have required further evidence before doing so.

44.     Because Plaintiff's false statement to the trademark examining attorney was made with Plaintiff's knowledge of its falsity and with the intent to deceive the examiner, and because said false statement caused the PTO to grant the registration when it otherwise would not have, Plaintiff's actions constitute fraud on the PTO and the registration was fraudulently obtained.

45.     Plaintiff's Application Serial No. 85/297,280—which matured into U.S. Registration No. 4,066,616—claimed ownership of U.S. Registration No. 3,504,730.

ANSWER TO COMPLAINT AND COUNTERCLAIMS - 20

46.     As explained in Paragraphs 28–36 above, Plaintiff materially misrepresented the significance of "Smoky Mountain" in the application process for Registration No. 3,504,730, and that registration was obtained by fraud.

47.     Because alleged prior-owned registration listed in the application for Registration No. 4,066,616 was obtained by fraud, Registration No. 4,066,616 is likewise tainted and obtained by fraud and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

48.     Based on the allegations above, Plaintiff's registration is barred and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

**Counterclaim 3 – Cancellation of Registration No. 4,066,711 for Fraud**

49.     Defendants repeat the allegations above as if fully set forth herein.

50.     The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

51.     The term "Smoky Mountain" as used by Plaintiff in its purported mark is a reference to the Idaho Smoky Mountains.  Thus, the term "Smoky Mountain" has geographically descriptive significance.

52.     Because the term "Smoky Mountain" has geographically descriptive significance, the statement added to the record for Plaintiff's Registration No. 4,066,711 by Plaintiff through its counsel that "[t]he wording 'SMOKY MOUNTAIN' has no significance as applied to the services identified in the application or within applicant's industry" is false.  The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with knowledge of its falsity, and the Examiner's Amendment in **Exhibit 6** was never corrected or objected to by Plaintiff.

53.     The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to deceive the examiner and/or the U.S. Patent and Trademark Office ("PTO").

54.     The representation to the trademark examining attorney about the significance of "Smoky Mountain" was made with the intent to cause the examiner and/or the PTO to grant the registration.

55.     Because of Plaintiff's representation to the trademark examining attorney about the significance of "Smoky Mountain," the USPTO did in fact ultimately grant the registration, reasonably relying at least in part on said representation.  Had Plaintiff informed the PTO that the term "Smoky Mountain" is geographically descriptive, the PTO would likely not have granted the registration or would have required further evidence before doing so.

56.     Because Plaintiff's false statement to the trademark examining attorney was made with Plaintiff's knowledge of its falsity and with the intent to deceive the examiner, and because said false statement caused the PTO to grant the registration when it otherwise would not have, Plaintiff's actions constitute fraud on the PTO and the registration was fraudulently obtained.

57.     Plaintiff's Application Serial No. 85/300,477—which matured into U.S. Registration No. 4,066,711—claimed ownership of U.S. Registration No. 3,504,730.

58.     As explained in Paragraphs 28–36 above, Plaintiff materially misrepresented the significance of "Smoky Mountain" in the application process for Registration No. 3,504,730, and that registration was obtained by fraud.

59.     Because alleged prior-owned registration listed in the application for Registration No. 4,066,711 was obtained by fraud, Registration No. 4,066,711 is likewise tainted and obtained by fraud and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

60.     Based on the allegations above, Plaintiff's registration should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

**Counterclaim 4 – Cancellation of Registration No. 4,576,502 for Fraud**

61.     Defendants repeat the allegations above as if fully set forth herein.

62.     The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

63.     The term "Smoky Mountain" as used by Plaintiff in its purported mark is a reference to the Idaho Smoky Mountains.  Thus, the term "Smoky Mountain" has geographically descriptive significance.

64.     Plaintiff's Application Serial Number 85/738,726—which matured into Registration No. 4,576,502—claims ownership of Registration Nos. 3,504,730; 4,066,616; and 4,066,711.

65.     As explained in Paragraphs 28–60 of Defendants' Counterclaims above, Plaintiff materially misrepresented the significance of "Smoky Mountain" in the application process for Registration Nos. 3,504,730; 4,066,616; and 4,066,711; and those registrations were obtained by fraud.

66.     Because alleged prior-owned registrations listed in the application for Registration No. 4,576,502 were obtained by fraud, Registration No. 4,576,502 is likewise tainted and obtained by fraud and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

**Counterclaim 5 – Cancellation of Registration No. 5,981,321 for Fraud**

67.     Defendants repeat the allegations above as if fully set forth herein.

68.     The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

69.   The term "Smoky Mountain" as used by Plaintiff in its purported mark is a reference to the Idaho Smoky Mountains.  Thus, the term "Smoky Mountain" has geographically descriptive significance.

70.   Plaintiff's Application Serial Number 88/401,100—which matured into Registration No. 5,981,321—claims ownership of Registration Nos. 3,504,730; 4,066,616; 4,066,711; and 4,576,502.

71.   As explained in Paragraphs 28–60 of Defendants' Counterclaims above, Plaintiff materially misrepresented the significance of "Smoky Mountain" in the application process for Registration Nos. 3,504,730; 4,066,616; and 4,066,711; and those registrations were obtained by fraud.  Additionally, as explained in Paragraphs 61–66 of Defendants' Counterclaims above, Registration No. 4,576,502 was likewise tainted and obtained by fraud.

72.   Because alleged prior-owned registrations listed in the application for Registration No. 5,981,321 were obtained by fraud, Registration No. 5,981,321 is likewise tainted and obtained by fraud and should be cancelled pursuant to 15 U.S.C. §§ 1052(e)(2), 1064(3), and 1115(b)(1).

**Counterclaim 6 – Cancellation of Registration No. 5,891,321 for Mere Descriptiveness**

73.   Defendants repeat the allegations above as if fully set forth herein.

74.   The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

75.   The term "Smoky Mountain" as used in Plaintiff's purported mark is a reference to the Idaho Smoky Mountains near Plaintiff's restaurants.  Thus, the term "Smoky Mountain" as used in Plaintiff's purported mark is primarily geographically descriptive of Plaintiff's goods and services.

76.   The relevant consuming public does not perceive the term "Smoky Mountain" as an identifier of a single source.

77.     The relevant consuming public perceives the term "Smoky Mountain" as a geographic descriptor.

78.     Plaintiff has not developed secondary meaning in the primarily geographically descriptive term "Smoky Mountain" in connection with its goods and services.

79.     Because the term "Smoky Mountain" is primarily geographically descriptive of Plaintiff's goods and services and lacks secondary meaning, Registration No. 5,891,321 should not have issued and should be cancelled pursuant to 15 U.S.C. § 1052(e)(2).

**Counterclaim 7 – Cancellation of Registration No. 5,891,321 on Alternative Basis that Purported Mark Is Primarily Geographically Deceptively Misdescriptive**

80.     Defendants repeat the allegations above as if fully set forth herein.

81.     The Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to order the cancellation of Plaintiff's registration.

82.     The relevant consuming public does not perceive the term "Smoky Mountain" as an identifier of a single source.

83.     The relevant consuming public perceives the term "Smoky Mountain" as a geographic descriptor for the Great Smoky Mountains located in Tennessee and North Carolina.

84.     Plaintiff's goods and services are not derived from, provided in, or related to the Great Smoky Mountains area in Tennessee and North Carolina.

85.     Because Plaintiff's goods and services bear no relation to the Great Smoky Mountains located in Tennessee and North Carolina, the term "Smoky Mountain" as used in Plaintiff's purported mark is primarily geographically deceptively misdescriptive of Plaintiff's goods and services.

86.     Because the term "Smoky Mountain" is primarily geographically deceptively misdescriptive of Plaintiff's goods and services, Registration No. 5,891,321 should not have issued and should be cancelled pursuant to 15 U.S.C. §1052(e)(3).

## DEFENDANTS' PRAYER

Having fully answered the allegations in Plaintiff's Complaint, Defendants KFC Corporation and Grubhub Inc. respectfully request that this Court:

A.      enter judgment in Defendants' favor, denying the relief requested by Plaintiff, dismissing Plaintiff's claims in their entirety with prejudice, and granting Defendants' counterclaims;

B.      issue an order certified to the Director of the U.S. Patent and Trademark Office cancelling U.S. Reg. Nos. 3,504,730; 4,066,616; 4,066,711; 4,576,502; and 5,891,321;

C.      award to Defendants compensation for all damages they sustained as a result of Plaintiff's procurement of registrations by false and fraudulent declarations and representations, pursuant to 15 U.S.C. § 1120;

D.      award Defendants their costs and attorney fees, as appropriate; and

E.      award Defendants any and all other relief the Court deems just and proper.

DATED: January 24, 2020.

HOLLAND & HART LLP

By:     _____/s/ B. Newal Squyres_____
        B. Newal Squyres, of the firm
        Alexandra S. Grande, for the firm
        Attorneys for Defendants and Counterclaimants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of January, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Scott Tschirgi
Scott A. Tschirgi, Chartered
877 West Main St., Suite 610
Boise, ID  83702
Attorney for Plaintiff

- sat@satchartered.com


_____*/s/ B. Newal Squyres*_____
of HOLLAND & HART LLP

14107462_v1

ANSWER TO COMPLAINT AND COUNTERCLAIMS - 27

EXHIBIT  1

YOUR NEIGHBORHOOD SMOKY MOUNTAIN PIZZERIA GRILL

Find Your Nearest Smoky's    Catering    Gift Cards

LOCATIONS    MENUS    SPECIALS    ABOUT    BLOG    CONTACT

# Ketchum
## Sun Valley

## Ketchum / Sun Valley

- The Original Smoky Mountain Pizza
- Located in the heart of Ketchum and close to Sun Valley
- Enjoy the patio with views of Mt Baldy ski area
- Private Events and Catering Available
- Pizza, Pasta, Salad, Sandwiches, Grilled Entrees
- Draft Beer, Wine

## (208) 622-5625

**Smoky Mountain Pizzeria Grill**

200 Sun Valley Road
Ketchum, Idaho 83340

General Manager – Jon Peavey

HOURS:
Monday-Thursday: 11am-9pm
Friday-Saturday: 11am-10pm
Sunday: 12pm-9pm

## Restaurant Menus

- Restaurant Menu
- Catering Menu

## Order Online »

- Online Ordering APPLE App Download
- Online Ordering ANDROID App Download

## Map with Driving Directions



## Ketchum/Sun Valley, Idaho Restaurant Social Media Sites:

      

From just humble beginnings in Ketchum, Idaho back in 1992, Smoky Mountain Pizzeria Grill has grown-and for good reason. Our fresh, handcrafted food is what brings people in and our service is what keeps them coming back for more. We pride ourselves on creating a "nourishing and memorable neighborhood experience that people love!" Many people choose Smoky's Special event packages for catering holiday parties, events, or weddings because they know they can expect the best! Whether it's your place or ours, we are happy to cater your next event! Even if you aren't having a large get together, we still offer delivery from all of our eight locations. Smoky's is also pleased to bring gluten-free menu options that tastes just as good as our regular menu items-you won't know the difference We want the whole family to enjoy our handcrafted pizza, pasta, salads and more!

## *Our* Restaurant Offers

### THE Legitimate Pizza Restaurant in Sun Valley

If you're looking for a legitimate pizza, we mean one that you don't forget, then you're going to want to come to the best pizza restaurant in the Sun Valley/Ketchum area: Smoky Mountain Pizza.

Smoky Mountain Pizza has some long history and deep roots in Ketchum, ID. In fact, our 200 Sun Valley Road is the original location for all of our restaurants in the chain. It's at this location where Smoky Mountain got it's name and publicity as being known as not just a pizza restaurant, but as a gourmet, family friendly, best tasting food in the state kind of place. Additionally, we also started offering pizza delivery because so many of our patrons couldn't make it in to our location, and asked that we bring the food to them. Pizza delivery in Sun Valley? What a novel idea.

Our restaurant commonly serves pizza, pasta, salad, sandwiches with soup, and grilled salmon. The locals in the area tend to rant and rave about the flavors we offer. You won't find just a standard run of the mill types of food. Our flavors are custom made and are typically items you can't commonly find at most other places to eat. Feel free to be as picky as you want here. We have something that absolutely everyone will love.

Our plates are specialty and refined. They've been thoughtfully created, carefully tested, and finally publicly approved. If it's flavor and an amazing dining experience full of flavor that you want, you've found the right place.

Take a look at our pizza, salad, pasta, hamburger, etc... menu. You'll even find gluten free items. We're always looking to make sure that

 Copyright © 2019 Smoky Mountain Pizzeria Grill.

Locations    Menu    Specials    About    Blog    Careers    Contact

Captured by FireShot Pro [15-01-2020, 13:00:15]

EXHIBIT  2

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    77/399179

**MARK**: SMOKY MOUNTAIN

**CORRESPONDENT ADDRESS**:
     Robert Hart
     Law Offices of Robert Hart
     10th Floor, Suite H528
     28 East Jackson Building
     Chicago IL 60604

**APPLICANT**:    Triple T Enterprises, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
N/A

**CORRESPONDENT E-MAIL ADDRESS**:

# \*77399179\*

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE**:

**OFFICE SEARCH**:  The examining attorney has searched the Office's database of registered and pending marks  and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  15 U.S.C. §1052(d); TMEP §704.02.

**AMENDMENT**:  In accordance with the authorization granted by Robert Hart on May 29, 2008, the application has been AMENDED as indicated below.  Please advise the undersigned examining attorney immediately if there is an objection to the amendment.  Otherwise, no response is necessary.  TMEP §707.

If the identification of services has been amended, please note that any future amendments must be in accordance with 37 C.F.R. §2.71(a) and TMEP §1402.07(e).

(I)    The following claim of ownership is added to the record:

    Applicant is the owner of U.S. Registration Nos. 2,879,076, 3,402,971, 3,402,972, and others.

   37 C.F.R. §2.36; TMEP §812.

(II)    The following statement is added to the record:

    The wording "smoky mountain" has no significance as applied to the identified services other than trademark significance.

   37 C.F.R. §2.61(b); TMEP §808.01(c).

     /S. Michael Gaafar/
     Trademark Examining Attorney
     Law Office 116
     (571) 272-8259
     michael.gaafar@uspto.gov

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and

maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

EXHIBIT  3

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85297280**
**Filing Date: 04/17/2011**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85297280 |
| **MARK INFORMATION** | |
| *MARK | SMOKY MOUNTAIN |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | SMOKY MOUNTAIN |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Triple T Enterprises |
| *STREET | 408 East 41st Street |
| *CITY | Boise |
| *STATE <br>(Required for U.S. applicants) | Idaho |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE <br>(Required for U.S. applicants only) | 83714 |
| PHONE | (208) 433-9596 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | Idaho |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 043 |
| *IDENTIFICATION | Restaurant services, restaurants featuring home delivery, catering and food carry out restaurant services; beverage services; preparation of food, namely grilled food, pizza, pasta and sandwiches |
| FILING BASIS | SECTION 1(a) |
|     FIRST USE ANYWHERE DATE | At least as early as 02/01/1992 |
|     FIRST USE IN COMMERCE DATE | At least as early as 02/01/1992 |
|     SPECIMEN <br>    FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\852\972\85297280\xml1\ APP0003.JPG |

| SPECIMEN DESCRIPTION | Digital photo of restaurant |
|---|---|

## ADDITIONAL STATEMENTS SECTION

| PRIOR REGISTRATION(S) | The applicant claims ownership of U.S. Registration Number(s) 3504730, 2879075, 2841465, and others. |
|---|---|

## ATTORNEY INFORMATION

| NAME | Robert Hart |
|---|---|
| ATTORNEY DOCKET NUMBER | SM-T11002 |
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| STREET | 28 East Jackson Building |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60604 |
| PHONE | (949) 337-0568 |
| FAX | (312) 264-2547 |
| EMAIL ADDRESS | robert.hart.law@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| NAME | Robert Hart |
|---|---|
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| STREET | 28 East Jackson Building |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60604 |
| PHONE | (949) 337-0568 |
| FAX | (312) 264-2547 |
| EMAIL ADDRESS | robert.hart.law@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 325 |
| *TOTAL FEE PAID | 325 |

## SIGNATURE INFORMATION

| SIGNATURE | /s/ |
|---|---|

| SIGNATORY'S NAME | Robert Hart |
|---|---|
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 04/17/2011 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85297280**
**Filing Date: 04/17/2011**

## To the Commissioner for Trademarks:

**MARK:** SMOKY MOUNTAIN (Standard Characters, see mark)
The literal element of the mark consists of SMOKY MOUNTAIN.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Triple T Enterprises, a corporation of Idaho, having an address of
   408 East 41st Street
   Boise, Idaho 83714
   United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

   International Class 043:  Restaurant services, restaurants featuring home delivery, catering and food carry out restaurant services; beverage services; preparation of food, namely grilled food, pizza, pasta and sandwiches

In International Class 043, the mark was first used at least as early as 02/01/1992, and first used in commerce at least as early as 02/01/1992, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Digital photo of restaurant.
Specimen File1

The applicant claims ownership of U.S. Registration Number(s) 3504730, 2879075, 2841465, and others.

The applicant's current Attorney Information:
Robert Hart of Law Offices of Robert Hart

   10th Floor, Suite H528
   28 East Jackson Building
   Chicago, Illinois 60604
   United States
The attorney docket/reference number is SM-T11002.

The applicant's current Correspondence Information:
   Robert Hart
   Law Offices of Robert Hart
   10th Floor, Suite H528
   28 East Jackson Building
   Chicago, Illinois 60604
   (949) 337-0568(phone)
   (312) 264-2547(fax)
   robert.hart.law@gmail.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she

believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /s/   Date Signed: 04/17/2011
Signatory's Name: Robert Hart
Signatory's Position: Attorney of Record


RAM Sale Number: 7102
RAM Accounting Date: 04/18/2011

Serial Number: 85297280
Internet Transmission Date: Sun Apr 17 23:40:35 EDT 2011
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XXX-201104172340351
73523-85297280-48017bb312ac3a4e61fdb335e
f521433625-CC-7102-20110417232911589648

# SMOKY MOUNTAIN



EXHIBIT  4

| To: | Triple T Enterprises (robert.hart.law@gmail.com) |
| --- | --- |
| Subject: | U.S. TRADEMARK APPLICATION NO. 85297280 - SMOKY MOUNTAIN - SM-T11002 |
| Sent: | 7/29/2011 5:51:34 PM |
| Sent As: | ECOM103@USPTO.GOV |
| Attachments: | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

APPLICATION SERIAL NO.       85297280

**MARK**: SMOKY MOUNTAIN

# *85297280*

CORRESPONDENT ADDRESS:
    ROBERT HART
    LAW OFFICES OF ROBERT HART
    28 E JACKSON BUILDING STE H528
    10TH FLOOR
    CHICAGO, IL 60604

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:       Triple T Enterprises

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
SM-T11002

**CORRESPONDENT E-MAIL ADDRESS**:
    robert.hart.law@gmail.com

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE: 7/29/2011**

**DATABASE SEARCH:**  The trademark examining attorney has searched the USPTO's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

**APPLICATION HAS BEEN AMENDED:**  In accordance with the authorization granted by ROBERT HART on July 29, 2011, the trademark examining attorney has amended the application as indicated below.  Please advise the undersigned immediately of any objections.  Otherwise, no response is necessary.  TMEP §707.  Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services.  37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*

**Identification of Services**

The identification of services is amended to read as follows:

> "Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; providing of beverages; preparation of food, namely grilled food, pizza, pasta and sandwiches," in Class 43.

*See* TMEP §§1402.01, 1402.01(e).

**Significance**

The following statement is added to the record:

> The wording "SMOKY MOUNTAIN" has no significance as applied to the services identified in the application or within applicant's industry.

*See* 37 C.F.R. §2.61(b); TMEP §808.01(a).

/margaretpower/
Examining Attorney
Law Office 103
margaret.power@uspto.gov
Phone 571-272-8025

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/.  Please keep a copy of the complete TARR screen.  If TARR shows no change for more than six months, call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

| **To:** | Triple T Enterprises (robert.hart.law@gmail.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85297280 - SMOKY MOUNTAIN - SM-T11002 |
| **Sent:** | 7/29/2011 5:51:39 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE REGARDING YOUR
# U.S. TRADEMARK APPLICATION

## USPTO LETTER (AN OFFICE ACTION) HAS ISSUED ON 7/29/2011 FOR
## SERIAL NO. 85297280

Please follow the instructions below:

**TO READ OFFICE LETTER:** Click on this **link** **or** go to **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office letter

**PLEASE NOTE**: The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**HELP:** For *technical* assistance in accessing the Office correspondence, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office letter.

EXHIBIT  5

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85300477**
**Filing Date: 04/20/2011**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85300477 |
| **MARK INFORMATION** | |
| *****MARK** | \\TICRS\EXPORT11\IMAGEOUT 11\853\004\85300477\xml1\ APP0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | Smoky Mountain |
| **COLOR MARK** | NO |
| *****DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of The words Smoky Mountain are in the foreground and the outline of mountains are in the background. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 940 x 461 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *****OWNER OF MARK** | Triple T Enterprises |
| *****STREET** | 408 East 41st Street |
| *****CITY** | Boise |
| *****STATE** (Required for U.S. applicants) | Idaho |
| *****COUNTRY** | United States |
| *****ZIP/POSTAL CODE** (Required for U.S. applicants only) | 83714 |
| **PHONE** | (208) 433-9596 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | Idaho |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 043 |
| *****IDENTIFICATION** | Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; beverage services; preparation of food, namely grilled food, pizza, pasta and sandwiches |
| **FILING BASIS** | SECTION 1(a) |

| FIRST USE ANYWHERE DATE | At least as early as 02/01/1992 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 02/01/1992 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\853\004\85300477\xml1\ APP0003.JPG |
| SPECIMEN DESCRIPTION | Digital photo of restaurant |

## ADDITIONAL STATEMENTS SECTION

| PRIOR REGISTRATION(S) | The applicant claims ownership of U.S. Registration Number(s) 3504730, 2879075, 2841465, and others. |
|---|---|

## ATTORNEY INFORMATION

| NAME | Robert Hart |
|---|---|
| ATTORNEY DOCKET NUMBER | SM-T11006 |
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| STREET | 28 East Jackson Building |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60604 |
| PHONE | (949) 337-0568 |
| FAX | (312) 264-2547 |
| EMAIL ADDRESS | robert.hart.law@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| NAME | Robert Hart |
|---|---|
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| STREET | 28 East Jackson Building |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60604 |
| PHONE | (949) 337-0568 |
| FAX | (312) 264-2547 |
| EMAIL ADDRESS | robert.hart.law@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 325 |

| *TOTAL FEE DUE | 325 |
|---|---|
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /s/ |
| SIGNATORY'S NAME | Robert Hart |
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 04/20/2011 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 85300477**
**Filing Date: 04/20/2011**

## To the Commissioner for Trademarks:

**MARK:** Smoky Mountain (stylized and/or with design, see mark)

The literal element of the mark consists of Smoky Mountain.
The applicant is not claiming color as a feature of the mark. The mark consists of The words Smoky Mountain are in the foreground and the outline of mountains are in the background.
The applicant, Triple T Enterprises, a corporation of Idaho, having an address of

    408 East 41st Street
    Boise, Idaho 83714
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 043:  Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; beverage services; preparation of food, namely grilled food, pizza, pasta and sandwiches

In International Class 043, the mark was first used at least as early as 02/01/1992, and first used in commerce at least as early as 02/01/1992, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Digital photo of restaurant.
Specimen File1

The applicant claims ownership of U.S. Registration Number(s) 3504730, 2879075, 2841465, and others.

The applicant's current Attorney Information:
Robert Hart of Law Offices of Robert Hart

    10th Floor, Suite H528
    28 East Jackson Building
    Chicago, Illinois 60604
    United States
The attorney docket/reference number is SM-T11006.

The applicant's current Correspondence Information:
    Robert Hart
    Law Offices of Robert Hart
    10th Floor, Suite H528
    28 East Jackson Building
    Chicago, Illinois 60604
    (949) 337-0568(phone)
    (312) 264-2547(fax)
    robert.hart.law@gmail.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be

the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /s/   Date Signed: 04/20/2011
Signatory's Name: Robert Hart
Signatory's Position: Attorney of Record


RAM Sale Number: 8181
RAM Accounting Date: 04/21/2011

Serial Number: 85300477
Internet Transmission Date: Wed Apr 20 19:11:29 EDT 2011
TEAS Stamp: USPTO/BAS-XX.XXX.XX.XX-20110420191129616
635-85300477-480a5b869c262cf7325a07c6c8c
74dc9d58-CC-8181-20110420185405409309





EXHIBIT  6

| To: | Triple T Enterprises (robert.hart.law@gmail.com) |
| --- | --- |
| Subject: | U.S. TRADEMARK APPLICATION NO. 85300477 - SMOKY MOUNTAIN - SM-T11006 |
| Sent: | 7/29/2011 5:50:42 PM |
| Sent As: | ECOM103@USPTO.GOV |
| Attachments: | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**APPLICATION SERIAL NO.**      85300477

**MARK**: SMOKY MOUNTAIN

**\*85300477\***

**CORRESPONDENT ADDRESS**:
ROBERT HART
LAW OFFICES OF ROBERT HART
28 E JACKSON BUILDING STE H528
10TH FLOOR
CHICAGO, IL 60604

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:        Triple T Enterprises

**CORRESPONDENT'S REFERENCE/DOCKET NO** :
SM-T11006

**CORRESPONDENT E-MAIL ADDRESS**:
robert.hart.law@gmail.com


## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE: 7/29/2011**


**DATABASE SEARCH:**  The trademark examining attorney has searched the USPTO's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

**APPLICATION HAS BEEN AMENDED:**  In accordance with the authorization granted by ROBERT HART on July 29, 2011, the trademark examining attorney has amended the application as indicated below.  Please advise the undersigned immediately of any objections.  Otherwise, no response is necessary.  TMEP §707.  Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services.  37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*

**Identification of Services**

The identification of services is amended to read as follows:

> "Restaurant services, restaurants featuring in restaurant dining, home delivery, catering and food carry out services; providing of beverages; preparation of food, namely grilled food, pizza, pasta and sandwiches," in Class 43.

*See* TMEP §§1402.01, 1402.01(e).

**Significance**

The following statement is added to the record:

> The wording "SMOKY MOUNTAIN" has no significance as applied to the services identified in the application or within applicant's industry.

*See* 37 C.F.R. §2.61(b); TMEP §808.01(a).

/margaretpower/
Examining Attorney
Law Office 103
margaret.power@uspto.gov
Phone 571-272-8025

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/. Please keep a copy of the complete TARR screen. If TARR shows no change for more than six months, call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

| To: | Triple T Enterprises (robert.hart.law@gmail.com) |
| --- | --- |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85300477 - SMOKY MOUNTAIN - SM-T11006 |
| **Sent:** | 7/29/2011 5:50:46 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE REGARDING YOUR
# U.S. TRADEMARK APPLICATION

### USPTO LETTER (AN OFFICE ACTION) HAS ISSUED ON 7/29/2011 FOR
### SERIAL NO. 85300477

Please follow the instructions below:

**TO READ OFFICE LETTER:** Click on this **link or** go to **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office letter

**PLEASE NOTE**: The Office letter may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**HELP:** For *technical* assistance in accessing the Office correspondence, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office letter.

EXHIBIT  7

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 85738726**
**Filing Date: 09/26/2012**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT16\IMAGEOUT 16\857\387\85738726\xml1\ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | Smoky Mountain |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of The words "Smoky Mountain" with Mountains (landscapes); Scenery with mountains. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 940 x 461 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Triple T Enterprises, Inc. |
| *STREET | 408 East 41st Steet |
| *CITY | Boise |
| *STATE (Required for U.S. applicants) | Idaho |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 83714 |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| * STATE/COUNTRY OF INCORPORATION | Idaho |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |

| *INTERNATIONAL CLASS | 030 |
|---|---|
| *IDENTIFICATION | Barbecue sauce; Barbeque sauce |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| *TRANSLATION<br>(if applicable) | |
| *TRANSLITERATION<br>(if applicable) | |
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | The applicant claims ownership of U.S. Registration Number(s) 3402972, 3504730, 4066616, and others. |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| *CONCURRENT USE CLAIM<br>(if applicable) | |
| MISCELLANEOUS STATEMENT | Additional registrations include: 3402971, 3395799, 3325864, 3319675, 2879077, 2879076, 2841465, 2879075 and 4066711 |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Robert Hart |
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| STREET | 28 East Jackson Building |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60604 |
| PHONE | 9493370568 |
| EMAIL ADDRESS | robert.hart.law@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Robert Hart |
| FIRM NAME | Law Offices of Robert Hart |
| INTERNAL ADDRESS | 10th Floor, Suite H528 |
| *STREET | 28 East Jackson Building |
| *CITY | Chicago |
| *STATE<br>(Required for U.S. applicants) | Illinois |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 60604 |
| PHONE | 9493370568 |
| *EMAIL ADDRESS | robert.hart.law@gmail.com;robert@magnolialawgroup.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

**FEE INFORMATION**

| | |
|---|---|
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 275 |
| *****TOTAL FEE PAID** | 275 |

**SIGNATURE INFORMATION**

| | |
|---|---|
| ***SIGNATURE** | /Robert Hart/ |
| ***SIGNATORY'S NAME** | Robert Hart |
| ***SIGNATORY'S POSITION** | Attorney of Record |
| **SIGNATORY'S PHONE NUMBER** | 9493370568 |
| ***DATE SIGNED** | 09/26/2012 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 85738726**
**Filing Date: 09/26/2012**

## To the Commissioner for Trademarks:

**MARK:** Smoky Mountain (stylized and/or with design, see mark)

The literal element of the mark consists of Smoky Mountain.
The applicant is not claiming color as a feature of the mark. The mark consists of The words "Smoky Mountain" with Mountains (landscapes); Scenery with mountains.
The applicant, Triple T Enterprises, Inc., a corporation of Idaho, having an address of
    408 East 41st Steet
    Boise, Idaho 83714
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 030:  Barbecue sauce; Barbeque sauce
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

The applicant claims ownership of U.S. Registration Number(s) 3402972, 3504730, 4066616, and others.

Additional registrations include: 3402971, 3395799, 3325864, 3319675, 2879077, 2879076, 2841465, 2879075 and 4066711

The applicant's current Attorney Information:
    Robert Hart of Law Offices of Robert Hart
    10th Floor, Suite H528
    28 East Jackson Building
    Chicago, Illinois 60604
    United States

The applicant's current Correspondence Information:
    Robert Hart
    Law Offices of Robert Hart
    10th Floor, Suite H528
    28 East Jackson Building
    Chicago, Illinois 60604
    9493370568(phone)
    robert.hart.law@gmail.com;robert@magnolialawgroup.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Robert Hart/   Date Signed: 09/26/2012
Signatory's Name: Robert Hart
Signatory's Position: Attorney of Record


RAM Sale Number: 10703
RAM Accounting Date: 09/26/2012

Serial Number: 85738726
Internet Transmission Date: Wed Sep 26 11:35:14 EDT 2012
TEAS Stamp: USPTO/FTK-XX.XXX.XXX.XXX-201209261135147
95540-85738726-49044a3a196332c544223146f
6aaaf3038-CC-10703-20120926105824823107



EXHIBIT  5

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 88401100**
**Filing Date: 04/24/2019**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *\*MARK* | [SMOKY MOUNTAIN](#) |
| *\*STANDARD CHARACTERS* | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | SMOKY MOUNTAIN |
| *\*MARK STATEMENT* | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *\*OWNER OF MARK* | Triple T Enterprises, Inc. |
| *\*STREET* | 408 East 41st Street |
| *\*CITY* | Boise |
| *\*STATE* (Required for U.S. applicants) | Idaho |
| *\*COUNTRY* | United States |
| *\*ZIP/POSTAL CODE* (Required for U.S. and certain international addresses) | 83714 |
| **LEGAL ENTITY INFORMATION** | |
| *\*TYPE* | CORPORATION |
| *\*STATE/COUNTRY OF INCORPORATION* | Idaho |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *\*INTERNATIONAL CLASS* | 030 |
| *\*IDENTIFICATION* | Barbecue sauce; Barbeque sauce |
| *\*FILING BASIS* | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/19/2013 |

| FIRST USE IN COMMERCE DATE | At least as early as 12/19/2013 |
|---|---|
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-7343182155-20190424205712245915_._2013-12-19_SM_BBQ_Sauce_Specimen.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\884\011\88401100\xml1\FTK0003.JPG |
| SPECIMEN DESCRIPTION | Digital photo of the Applicant's mark as used on the claimed goods. |

## ADDITIONAL STATEMENTS SECTION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | The applicant claims ownership of active prior U.S. Registration Number(s) 4576502, 3504730, and 4066616. |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| MISCELLANEOUS STATEMENT | The applicant claims ownership of active prior U.S. Registration Number(s): 4,066,711; 43,402,972; 3,325,864; 3,395,799; and 3,402,971. |

## ATTORNEY INFORMATION

| NAME | Robert Hart |
|---|---|
| ATTORNEY DOCKET NUMBER | TTT19T002US |
| FIRM NAME | AddyHart P.C. |
| INTERNAL ADDRESS | Suite 1200-1 |
| STREET | 401 North Michigan Avenue |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60611 |
| PHONE | 312-834-7701 |
| EMAIL ADDRESS | robert@addyhart.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| *NAME | Robert Hart |
|---|---|
| FIRM NAME | AddyHart P.C. |
| INTERNAL ADDRESS | Suite 1200-1 |
| *STREET | 401 North Michigan Avenue |
| *CITY | Chicago |
| *STATE (Required for U.S. addresses) | Illinois |
| *COUNTRY | United States |

| | |
|---|---|
| *ZIP/POSTAL CODE | 60611 |
| PHONE | 312-834-7701 |
| *EMAIL ADDRESS | robert@addyhart.com; tmdocketing@addyhart.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Robert Hart/ |
| * SIGNATORY'S NAME | Robert Hart |
| * SIGNATORY'S POSITION | Attorney of Record |
| SIGNATORY'S PHONE NUMBER | 312-834-7701 |
| * DATE SIGNED | 04/24/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 88401100**
**Filing Date: 04/24/2019**

# To the Commissioner for Trademarks:

**MARK:** SMOKY MOUNTAIN (Standard Characters, see mark)
The mark in your application is SMOKY MOUNTAIN.

The applicant, Triple T Enterprises, Inc., a corporation of Idaho, having an address of
    408 East 41st Street
    Boise, Idaho 83714
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 030:  Barbecue sauce; Barbeque sauce

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 030, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 12/19/2013, and first used in commerce at least as early as 12/19/2013, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Digital photo of the Applicant's mark as used on the claimed goods..

**Original PDF file:**
SPE0-7343182155-20190424205712245915_._2013-12-19_SM_BBQ_Sauce_Specimen.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

**Claim of Active Prior Registration(s)**
The applicant claims ownership of active prior U.S. Registration Number(s) 4576502, 3504730, and 4066616.

**Miscellaneous Statement**
The applicant claims ownership of active prior U.S. Registration Number(s): 4,066,711; 43,402,972; 3,325,864; 3,395,799; and 3,402,971.

The applicant's current Attorney Information:
    Robert Hart of AddyHart P.C.
    Suite 1200-1
    401 North Michigan Avenue
    Chicago, Illinois 60611
    United States
    312-834-7701(phone)
    robert@addyhart.com (authorized)
The attorney docket/reference number is TTT19T002US.

The applicant's current Correspondence Information:

Robert Hart

AddyHart P.C.

Suite 1200-1

401 North Michigan Avenue

Chicago, Illinois 60611

312-834-7701(phone)

robert@addyhart.com;tmdocketing@addyhart.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Plus status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

   **AND/OR**

   **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Robert Hart/   Date: 04/24/2019
Signatory's Name: Robert Hart
Signatory's Position: Attorney of Record
Signatory's Phone Number: 312-834-7701
Payment Sale Number: 88401100
Payment Accounting Date: 04/25/2019

Serial Number: 88401100
Internet Transmission Date: Wed Apr 24 21:09:49 EDT 2019
TEAS Stamp: USPTO/FTK-XX.XX.XXX.XXX-2019042421094905
9177-88401100-620d3fb83e923f6f31ea9fa2d8
242c7ddb48a62d5bd3114036c68793dc1196431-
CC-6449-20190424205712245915

# SMOKY MOUNTAIN

