UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRIPLE T ENTERPRISES, INC., an Idaho corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>KFC CORPORATION., a Delaware corporation, GRUBHUB INC. a Delaware corporation, and POSTMATES INC., a Delaware corporation,<br><br>       Defendants. | Case No.  1:19-cv-511-REB<br><br>**DISCOVERY PLAN**<br><br>**Jury Trial Demanded** |

# I. Preservation

    a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

        i. **Date Range:**

            1. For Plaintiff: All ESI related to (1) the conception and selection of its "Smoky Mountain" trademarks, and (2) the filing and prosecution of its applications and registrations for its "Smoky Mountain" trademarks, will be preserved;

  2. For all parties: Except as provided in the previous paragraph, only ESI created or received between January 1, 2017 and December 31, 2019 will be preserved;

 ii. **Scope of Preservation:** The parties agree to:

  1. Preserve the Following Types of ESI

   a. __TBD_____

  2. From the Following Custodians or Job Titles:

   a. __TBD_____

  3. From the Following Systems, Servers, or Databases

   a. __TBD_____

 iii. **Cost Sharing:**

  ☐*[The parties agree to share the cost of an electronic discovery vendor; shared document repository; or other cost saving measures]*

  ☒*[The parties agree to bear their own costs for preservation of e-discovery]*

## II. Initial Disclosures

a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiff   <u>March 31, 2020</u>.
- Defendants:  <u>March 31, 2020</u>.

## III. <u>Scope of Discovery</u>

a. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

    1. Willful trademark infringement;
    2. False designation of origin;
    3. Common law trademark infringement;
    4. Unfair competition;
    5. State unfair competition;

- For Defense:

    6. Plaintiff's conception and selection of its "Smoky Mountain" trademarks;
    7. Plaintiff's filing and prosecution of its trademark applications for its "Smoky Mountain" trademarks;
    8. The strength or weakness of Plaintiff's "Smoky Mountain" trademarks;
    9. Likelihood of confusion and/or actual confusion;
    10. Damages claimed.

## IV. <u>Discovery Boundaries</u>

a. **Limits:**  The parties agree to limit the number of discovery tools as follows:

☒Depositions (excluding deposition of experts):

- By Plaintiff: 5 depositions

- By KFC/Grubhub: 5 depositions)

☒Interrogatories: 25 directed by or to each party

☐Requests for Production: _____

## V. ESI

a. *The Parties are still discussing potential provisions regarding ESI and would like to submit an updated discovery plan to the Court following the exchange of initial disclosures and further discussion between the Parties.*

b. ***Checklist:*** *The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).*

c. ***Proportionality****: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*

- *that was created more than 5 years before the filing of the lawsuit;*

- *from sources that are not reasonably accessible without undue burden or cost; or*

- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI,*

-4-

> *and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.*

## VI. Deadlines

a. The deadline for the completion of fact discovery is: January 15, 2021.

b. The deadline for completion of expert witness discovery is: January 28, 2021.

## VII. Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:** The parties

> ☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

>    ☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P.*
>
>    *26(b)(5) as set forth herein: _____].*

   c. **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VIII. Protective Order

   a. The parties will confer on the terms of a Protective Order to protect confidential or proprietary material and will submit that to the Court for its approval.

   b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

United States District Court
Northern District of California

CHECKLIST FOR RULE 26(f) MEET AND CONFER
REGARDING ELECTRONICALLY STORED INFORMATION

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

I.  **Preservation**
    - ☐ The ranges of creation or receipt dates for any ESI to be preserved.
    - ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
    - ☐ The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, is not discoverable and should not be preserved.
    - ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.
    - ☐ The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
    - ☐ The number of custodians for whom ESI will be preserved.
    - ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
    - ☐ Any disputes related to scope or manner of preservation.

II. **Liaison**
    - ☐ The identity of each party's e-discovery liaison.

III. **Informal Discovery About Location and Types of Systems**
    - ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
    - ☐ Description of systems in which potentially discoverable information is stored.
    - ☐ Location of systems in which potentially discoverable information is stored.
    - ☐ How potentially discoverable information is stored.
    - ☐ How discoverable information can be collected from systems and media in which it is stored.

IV. **Proportionality and Costs**
    - ☐ The amount and nature of the claims being made by either party.
    - ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
    - ☐ The likely benefit of the proposed discovery.
    - ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

*Revised December 1, 2015*

☐ Limits on the scope of preservation or other cost-saving measures.
☐ Whether there is relevant ESI that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

## V. Search
☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

## VI. Phasing
☐ Whether it is appropriate to conduct discovery of ESI in phases.
☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
☐ Custodians (by name or role) most likely to have discoverable information and whose ESI
☐ will be included in the first phases of document discovery.
☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
☐ The time period during which discoverable information was most likely to have been created or received.

## VII. Production
☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
☐ The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
☐ The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

## VIII. Privilege
☐ How any production of privileged or work product protected information will be handled.
☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
☐ Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.